## THE LONG ISLAND BREWERY COMPANY, APPELLANT, *v.* J. P. FITZPATRICK, RESPONDENT.

*Fees for storing goods — when it is unnecessary to tender them before bringing a suit for the recovery of the goods.*

Where a bailee refuses to deliver the goods to the bailor, on the ground that the latter is not entitled to take them, averring an intention to contest his right in the court, it is not necessary for the bailor to tender the fees due for the storage of the goods before commencing an action for their recovery.

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Charles C. Smith*, for the appellant. A bailee having a lien upon goods, when a return thereof is demanded by the bailor,

waives his lien when he makes no mention of it, and puts his refusal to deliver upon a separate, distinct and independent ground. (*Winter* v. *Coit*, 3 Seld., 288; *Everett* v. *Saltus*, 20 Wend., 268; *S. C.*, 15 id., 474; *Everett* v. *Coffin*, 6 id., 608; *Holbrook* v. *Wright*, 24 id., 169; *Dows* v. *Drummond*, 10 Barb., 183; *Dunlap* v. *Hunting*, 2 Denio, 643; *Rogers* v. *Weir*, 34 N. Y., 463.)   The absolute refusal of the respondent to deliver the property waived a tender on the part of the appellant.   (*Everett* v. *Saltus*, 20 Wend., 268; *Crest* v. *Armour*, 34 Barb., 378; *Skinner* v. *Tinker*, id., 333; *Cornwall* v. *Haight*, 21 N. Y., 462; *Blewert* v. *Baker*, 58 id., 613; *Shaw* v. *Republican L. I. Co.*, 69 id., 286; *Frost* v. *Clarkson*, 7 Cow., 24.)

*Catlin, Austin & Backus*, for the respondent.

DYKMAN, J. :

This is an action for the recovery of twelve casks of stock ale held by the defendant under the following receipt, to wit :

"BROOKLYN, *December* 28, 1877.

" Received from Long Island Brewery, Nos. 81, 83, 85, 87, 89 and 91 Third avenue, the following goods which belong to, and the title to which is to remain in the Long Island Brewery until wholly paid for.   Storage to be paid by said Long Island Brewery at the rate of twelve cents per year on each cask.   The property may be removed by said Long Island Brewery at any time, on payment of storage.

" E — Casks.   Hf. casks.   Qr. casks ; two casks ale stock ; ten casks ale stock.

" J. P. FITZPATRICK.

" Mr. J. P. FITZPATRICK,                          M. DOOLEY,
                Herkimer street.                                    driver."

On the trial the following testimony was given by Dooly in behalf of the plaintiff."

Q. State after the delivery of the stock ale what transactions or conversation you had with the defendant in reference to it ?

A. I had none; not any with reference to the stock ale until I went to claim it.

Q. When did you go to claim it?

A. About April 1, 1878.

Q. What transpired at that time; did you demand the ale?

A. I went there to collect a bill and he refused to pay it; I told him I would take the ale away.

Q. What bill did he refuse to pay?

A. The fresh ale; I told him if he would not give it I would send the sheriff for it; he said he was going to law about it; that we could take it, and refused to deliver the stock ale; that was all that transpired, as near as I can recollect, about the substance.

On cross-examination this witness testified as follows:

Q. You told him if he did not pay the bill for the fresh ale that you would take away the stock ale?

A. Yes.

Q. Tell all that was said; begin at the first; give the whole conversation.

A. I went there to collect a bill; I demanded money for the fresh ale; that is about what I said.

Q. Did you say, I demand the money?

A. No; I said, I want you to pay this bill; I showed him the fresh ale bill; he said he would not do that; he was going to law with the Long Island Brewery, and he was going to retain the old ale also until the case was decided.

The complaint was dismissed on the trial, on the ground that the payment of storage was a condition precedent to the right to remove the stock ale, and that it was the right of the defendant to have the storage paid before the property was removed.

While this is true, as a proposition of law, yet when the demand was made the defendant put himself upon no such ground. On the contrary, the extract given from the testimony shows that when demand was made of him for the ale he said he was going to law with the company, and was going to retain the old ale until the case was decided. This was equivalent to saying he would not deliver it up until that time, and rendered any tender of storage useless and unnecessary. It was such an absolute refusal as amounted to a conversion. The general rule of law certainly is

that a bailee of goods waives his lien by placing his refusal to deliver on other grounds. (*Winter* v. *Coit*, 7 N. Y. [3 Seld.], 288; *Saltus* v. *Everett*, 20 Wend., 267.)

We think, therefore, that the defendant waives his lien, by avowing his determination to retain the property until the determination of the litigation, upon which he was about to enter with the company, and placing his refusal to deliver on that ground.

The judgment must be reversed and a new trial granted, with costs to abide the event.

GILBERT, J. :

I think the county judge erred in his disposition of this case. No doubt the defendant had a lien for the storage of the goods. But he has not placed himself upon that ground. No lien is set up in the answer, nor was any such claim made when the goods were demanded; on the contrary, the defendant took the same away, not because a charge for storage had not been paid, but because he intended to litigate the title to the goods. That act dispensed with a tender and amounted to a conversion of the goods.

A formal tender for the purpose of discharging the lien of a bailee after he has actually disavowed the bailment and refused to deliver the goods to the bailor, on the ground that he is not entitled to them, cannot be necessary, for the law never requires the performance of a superrogatory act.

The judgment and order denying a new trial should be reversed, and a new trial granted, with costs to abide the event.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.